# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                       No. CR 00-1424 RB

ARTURO NATERA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Natera's Motion for Reduction of Sentence Pursuant to Title 18 U.S.C. § 3582(c)(1)(A) Relying on – the District Court's Authority to Make It's (sic) Own Determination of What the "Extraordinary and Compelling" Circumstances Are that Warrant a Reduction of Sentence, filed on August 5, 2019. (Doc. 660.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.    Background**

On August 6, 2002, Mr. Natera was sentenced to 360 months imprisonment on pleas of guilty to three counts of an Indictment charging (1) that he conspired to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and to possess with intent to distribute less than 500 grams of cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) that he knowingly and intentionally made a building or enclosure available for the purpose of unlawfully manufacturing a controlled substance within 1000 feet of a school under 21 U.S.C. §§ 860(a) and 18 U.S.C. § 2; and (3) possession with intent to distribute 50 kilograms of marijuana under 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2. (*See* Docs. 31; 374.) According to the 2001 Guidelines Manual, his base offense level was 36, his total offense level

was 41, and he had a criminal history category of IV. (Presentence Investigation Report (PSR)) ¶¶ 114, 117,124, 133.)

Mr. Natera appealed his sentence to the Tenth Circuit, which denied his appeal. (Docs. 380; 448.) He has also filed a motion to vacate his sentence under 18 U.S.C. § 2255, which the Court dismissed. (Docs. 486; 496.) Mr. Natera attempted to appeal the dismissal, but his appeal was dismissed for lack of jurisdiction. (Docs. 506; 508.) He has filed two prior motions to reduce his sentence under § 3582(c), both of which have been denied. (Docs. 613–14; 636; 642.) He now files a third motion to reduce his sentence under § 3582(c). (Doc. 660.) The United States opposes the motion. (Doc. 666.)

## II.   Analysis

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Mr. Natera moves for compassionate release pursuant to Section 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued

by the Sentencing Commission . . . ." The Application Notes of the U.S. Sentencing Guidelines § 1B1.13 provide that "extraordinary and compelling reasons exist" where the defendant has certain medical conditions, where the defendant is at least 65 years old and meets other qualifying circumstances, where the defendant has qualifying family circumstances, or for "other reasons." *See* U.S. Sentencing Guidelines Manual § 1B1.13 app. §§ (1)(A)–(D). Although Mr. Natera does not specify what section he brings his motion under, the Court finds it fits best under § (1)(D), other reasons.

Mr. Natera asserts that extraordinary and compelling reasons exist because he was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), and thus he did not receive any benefit from that decision. (*See* Doc. 660 at 3–4.) If he had been sentenced after *Booker*, he argues, he could have received a shorter sentence. Mr. Natera does not provide any argument or authority to show that the Court would have imposed a different sentence under a discretionary sentencing scheme. The United States disagrees with Mr. Natera's reasoning and posits that if a pre-*Booker* sentence rises to the level of "extraordinary and compelling," then "a great number of defendants could" make similar arguments. (Doc. 666 at 6.) Were the Court to consider Mr. Natera's motion on the merits, it would side with the Government. The Tenth Circuit has already found that "*Booker* does not provide a basis for a sentence reduction under § 3582(c)." *United States v. Price*, 438 F.3d 1005, 1007 (10th Cir. 2006).

The Court need not reach this issue, however, because Mr. Natera fails to submit any evidence to show that he has exhausted his right to appeal a failure by the BOP to move for compassionate relief on his behalf. *See* 18 U.S.C. § 3582(c)(1)(A) (providing that a defendant may move for a modification of a term of imprisonment after s/he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf

or the lapse of 30 days from the receipt of such a request by the warden"). (*See also* Docs. 660; 660-1.) Thus, the Court cannot grant the relief he requests.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Reduction of Sentence, (Doc. 660) is **DISMISSED** for his failure to exhaust.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE