IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  No. CR 00-1424 RB

ARTURO NATERA,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant's Motion for Order for Compassionate Release and Memorandum in Support, filed on November 30, 2020. (Doc. 679.) Having reviewed the submissions of the parties, the record, and the applicable law, the Court finds the motion is not well-taken and should be **DENIED**.

**I.    Background**

On March 13, 2002, Mr. Natera was convicted after trial of drug crimes including: (1) that he conspired to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and to possess with intent to distribute less than 500 grams of cocaine under 21 U.S.C. § 841(a)(1) and (b)(1)(C); (2) that he knowingly and intentionally made a building or enclosure available for the purpose of unlawfully manufacturing a controlled substance within 1000 feet of a school under 21 U.S.C. §§ 860(a) and 18 U.S.C. § 2; and (3) possession with intent to distribute 50 kilograms of marijuana under 21 U.S.C. §§ 841(a)(1), (b)(1)(D), and 18 U.S.C. § 2. (*See* Doc. 309.) On August 6, 2002, Senior United States District Judge John E. Conway sentenced Mr. Natera to 360 months imprisonment, 10 years of supervised release, a $10,000 fine, and a $300 Special Penalty Assessment. (Docs. 365; 374.) Mr. Natera was also sentenced to an additional, consecutive, 15 months of imprisonment for his supervised release

violation in a separate case for a total sentence of 375 months. *See United States v. Natera*, 00cr0142-JAP-1, J. (D.N.M. Aug. 26, 2002).

Mr. Natera appealed his sentence to the Tenth Circuit, which denied his appeal. (Docs. 380; 448.) He has also filed a motion to vacate his sentence under 18 U.S.C. § 2255, which the Court dismissed. (Docs. 486; 498.) Mr. Natera attempted to appeal the dismissal, but his appeal was dismissed for lack of jurisdiction. (Docs. 506; 508.) He has filed three prior motions to reduce his sentence under § 3582(c), all of which have been denied. (Docs. 613–14; 636; 642; 660; 670.)

He now moves the Court through counsel, pursuant to 18 U.S.C. § 3582(c)(1)(A), to reduce his sentence due to the COVID-19 pandemic. (*See* Doc. 679.) Mr. Natera has served approximately 244 months of his sentence. His anticipated release date is June 12, 2027. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Feb. 27, 2021).

## II.  Discussion

Mr. Natera seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Prior to the passage of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release. Section 603(b) of the First Step Act now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after he has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on his behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Mr. Natera filed such a request with FCI La Tuna on September 11, 2020. (*See* Doc. 679-1.) The warden denied the request. (*See*

Doc. 679-2.) Thus, the Government concedes that he has exhausted his administrative remedies. (*See* Doc. 680 at 10.)

Mr. Natera asserts that extraordinary and compelling circumstances exist due to the unprecedented COVID-19 pandemic. (Doc. 679 at 3.) He argues that his medical conditions put him at risk for severe illness from COVID-19. (*Id.* at 4–6.) Medical records show that Mr. Natera has been diagnosed with asthma and prostate issues. (Docs. 679-4–9.) He also has a history of pneumonia and bronchitis, neither of which are current concerns. (*See* Doc. 679-4 at 21.) The Government acknowledges that the CDC lists asthma as a medical condition that *may* put an individual at an increased risk of severe illness from COVID-19. (*See* Doc. 680 at 12.) *See also People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Feb. 22, 2021). Mr. Natera does not, however, suffer from a medical condition that inarguably puts a person at increased risk of severe illness from COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

Moreover, the Court notes that while FCI La Tuna has clearly had its struggles with COVID-19,[1] it appears that the facility has gotten the pandemic under control for the moment and currently has no positive inmate cases. *See COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Feb. 27, 2021). In short, the Court declines to find that Mr. Natera has demonstrated extraordinary and compelling circumstances that warrant compassionate release.

Because the Court does not find extraordinary and compelling circumstances exist, it need not consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable"

---

[1] The BOP website reflects that 491 inmates and 67 staff members have recovered from COVID-19 at FCI La Tuna. *See* COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Feb. 27, 2021).

and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2).

The undersigned recognizes and commends Mr. Natera for his clean disciplinary record and encourages Mr. Natera to seek drug and alcohol counseling and to continue to improve his chances at a successful transition through work and educational programming.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion for Order for Compassionate Release and Memorandum in Support (Doc. 679) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE